## Ex Parte Jennie May Cain.

### No. 5566.   Decided January 21, 1920.

**1.—Delinquent Child—Juvenile—Criminal Case—Statutes Construed.**

Article 1197, C. C. P., as amended, provides that a prosecution and conviction of a juvenile is a criminal case and that the prosecution must be carried on by complaint and information, Article 1200, Vernon's C. C. P., provides that a warrant or capias may issue as in other cases when such complaint is filed, and that notice of proceedings must be served upon the parents or others named with whom the juvenile offender is living, etc. and under our criminal law a judgment may be attacked, when void, by *habeas corpus*.

**2.—Same—Evidence—Want of Notice—Collateral Attack—Void Judgment.**

Where it appeared from the record on appeal that the relator, a juvenile, of the age of thirteen years, had been committed upon a judgment rendered by the County Court to the Girls Training School at Gainesville, and it appeared that upon trial in said court relator placed the county judge upon the witness stand to prove by him that no notice of any kind was given her parents or other interested parties, as recited in the judg-

ment of conviction, and a general objection was sustained on the ground that this would be a collateral attack by *habeas corpus* proceeding, even though the question of jurisdiction was involved, the same was reversible error, as this testimony would have proved a void judgment, especially where relator was a mere child. Following: Parker v. Spencer, 61 Texas, 155, and other cases.

Appeal from the District Court of McClennan. Tried below before the Hon. H. M. Richey, judge.

Appeal from an order remanding relator to the custody of the superintendent of the Girls Training School, on writ of *habeas corpus* proceeding.

The opinion states the case.

*James E. Yeager,* for relator.—Cited: Com. v. Davis, 185 S. W. Rep., 73; Ex parte Brooks, 85 Texas Crim. Rep., 397, 211 S. W. Rep., 592; Ex parte Coffee, 185 Texas Crim. Rep., 209, 161 S. W. Rep., 975; Ex parte Creasy, 148 S. W. Rep., 914; McCampbell v. State, 40 S. W. Rep., 496; Johnson v. State, 48 id., 70.

*C. M. Cureton,* Attorney General, *J. M. Maxwell, W. J. Townsend,* Assistants Attorney General, for the State.—On question of writ of *habeas corpus* cannot be substituted or operate for a writ of error *certiorari* or an appeal. Ex parte Boland, 11 Texas Crim. App., 159; Ex parte Dickerson, 30 id., 448; Ex parte Cox, 53 Texas Crim. Rep., 240; Ex parte Morgan, 57 id., 551; Ex parte White, 50 id., 473; Ex parte Cain, 56 id., 538; Ex parte Walsh, 59 id., 409.

LATTIMORE, JUDGE.—This is an appeal from an order of the Seventy-fourth District Court, remanding relator to the custody of the Superintendent of the Girls Training School, after a hearing on *habeas corpus* seeking her release.

The application for the writ presents numerous grounds therefor, which, if sustained by proof, would require favorable action of the court thereon.

It is alleged in said petition that relator was personally taken charge of by the county judge, "without warrant, complaint, or capias," and in substance same charges that without the knowledge of her parents, who live in Waco and were known to the authorities, and without citation or notice of any kind whatever, relator was carried before said County Court, the county probation officer appointed to represent her, a jury waived, a judgment entered committing her to the Girls Training School until she arrived at the age of twenty-one years, and that she was sent to said institution;—all this occurring without the knowledge of, or notice to, her parents.

It is specially provided in Chapter 266, Acts of the Fourth Called Session of the Thirty-fifth Legislature, amending Article 1197 C. C. P., that a prosecution and conviction of a juvenile is a criminal

case.　Citation of authorities is needless to sustain the proposition that no prosecution of one for a criminal offense can be had except upon complaint or indictment, and we might further state that in all prosecutions of a juvenile, the same are required by statute to be upon complaint and information.

Article 1200, Vernon's C. C. P., provides that when such complaint is filed, a warrant or capias "may issue as in other cases," and, further stipulates that notice of the proceedings is to be served upon the parents, if living; otherwise upon the guardian or person with whom the juvenile offender is living, and the right is given to such juvenile to give bond or other security "for its appearance at such trial." (See amended Art. 1197, *supra.*) It is further stated in said statute that the juvenile so charged must be found by the court or jury to be a delinquent child before it shall be committed, etc.

Upon the hearing under this writ before the district judge, it appears from the statement of facts that relator offered in evidence only the judgment and commitment, the writ of *habeas corpus* and the return, and proffered the testimony of the county judge to show that no notice was given to the parents or persons interested, which latter testimony was rejected by the trial court, and we have no means of knowing what the statement of the county judge would have been upon that point, as it is not set out in the bill of exceptions.

An examination of the judgment and commitment fails to reveal any serious defect in either. It is recited that a complaint and information was filed by the county attorney, and that in said complaint the acts constituting delinquency on relator's part were set out; also, that all persons interested had had due notice, as provided by law; that a jury was waived, and the matters submitted to the court, who from all the evidence adduced, found relator to be a delinquent child, of the age of thirteen years; that she did commit the acts charged in the information, and was accordingly sentenced to the Girls Training School, at Gainsville. This appears to be a regular judgment, and there is nothing in the recitals of the same to indicate the existence of the defects alleged in the application for this writ.

A judgment may be attacked as void by *habeas corpus*, if the matters alleged in the attack are such as, if true, the trial court would have been without jurisdiction either of the person of the relator, or of the subject matter, or to render the particular judgment.

Evidence sufficient that no complaint was filed, or that no warrant or *capias* was issued, or in the case of an infant with parents living in the vicinage, that no notice was given them, and no opportunity afforded for a trial by jury, or to be represented by counsel of her own or their choice;—any one of these would constitute an attack upon the judgment which should be permitted, and if

sustained by the evidence, the judgment should be held void and the relator released. In the instant case, relator made no such proof, apparently attempting, as disclosed by the record, to prove only one of the matters set out. The petition of relator is but a pleading, and proves none of the facts alleged. The answer of respondent alleges a valid judgment. The fact that relator was given an indeterminate sentence longer than five years, is not beyond the power of the trial court, and is in violation of no law. Article 5231 of our Revised Civil Statutes, which fixes a five year limit, has reference only to male juveniles, and does not apply to the instant case.

Several bills of exception appear in the record. On evidences objection made by the relator to the judgment and commitment offered by respondent, the ground of the objection apparently being that no notice was in fact given to the parents of relator for her arrest and prospective trial. There is nothing in the bill by which this Court may know that there was a lack of notice, and the bill cannot be considered. However, it is recited in another bill of exceptions that relator placed the county judge upon the stand, and offered to prove by him that no notice of any kind was given to the parents of relator, or other interested parties, as recited in the judgment. A general objection was sustained on the ground that this would be a collateral attack by a *habeas corpus* proceeding, and that the District Court could not go behind the judgment of the trial court to investigate the truth or falsity of the recitals therein, even though the question of jurisdiction was involved. We think this was clearly erroneous, and that any allegation of facts in the application which, if sustained, would show a void judgment, would admit proof of such facts.

It seems clear, from an inspection of the various provisions of the juvenile law, that it is expected of a proceeding thereunder, that it shall follow the general course of a criminal case, and that after complaint is filed and warrant or *capias* issued, there shall be a time certain set for a hearing or trial, at which both parties shall have opportunity to present such pleas or evidence as might be desired. A child of the age of thirteen can have little or no conception of the proper procedure in such case, and cannot be expected to know what course to pursue in order to best care for its own interest; nor can it be expected that one not related, or any one other than a parent or guardian, should feel a parental interest and responsibility; so it is provided in Article 1200, that following the issuance of the warrant or *capias,* no incarceration of such child shall be had except it be necessary to insure its presence in court when required, and it is expressly made the duty of the sheriff or officer executing the process (meaning thereby the *capias* or warrant) to serve notice on the parents, if living and known;—otherwise, on the guardian or person with whom the child may be living, —of such proceeding.

We deem these wise and just provisions, and so necessary to the welfare of those who are the objects of these laws, that the disregard of them should be held vital, and that in a proper case the court will take cognizance thereof under a writ of *habeas corpus.*

It is true this character of cases are now made criminal by statute, and an appeal authorized direct to this Court. See Amended Article 1197, *supra.* This Court ordinarily declines to permit the functions of an appeal to be impinged by the writ of *habeas corpus,* but this could not hold in the case of a mere child, where the effort is to show that the parents were not notified of the proceedings, and had no opportunity to prepare for an appeal, or to take the necessary steps for same.

We think the court erred in refusing to allow the evidence of the county judge, as offered. Complaint is made that the county judge was allowed to state, as a matter of personal privilege, to the court trying this case, his reason for arresting relator and adjudging her a delinquent. What such reasons were do not appear in this record, and we are unable to determine from the bill whether the objection of relator was because the facts were stated or because they were not placed in the record. No provision of our statute would seem to authorize a personal arrest by the county judge of a juvenile offender, but at most it could not affect any question raised in this case.

We think this case should be reversed and sent back for a hearing in the 75th District Court, upon which, if it should appear after a full investigation of the matters involved, that no complaint and information were in fact filed, or that no warrant or *capias* were in fact issued, or that no notice was given to the parents of relator, if living and known, or to the guardian or the person with whom she was living, that the judgment of commitment should be held void and the release of relator ordered.

·The case is reversed and remanded for proceedings in accordance with this opinion.

*Reversed and remanded for further proceedings.*

ON REHEARING.

January 21, 1920.

MORROW, Judge.—We think it sufficiently appears from the bill of exceptions that except for the refusal of the court to admit the testimony, appellant would have made proof that the judgment was entered without notice to the parents of the appellant. It is manifest, we think, from the bill that the only reason that this was not proved was because the respondent and the court were of the opinion that such proof would not be admissible, because it would be testimony available only in a collateral attack upon the judgment.

33—86—T. C. R.

The position of the appellant was that the judgment was subject to collateral attack, because it was void, the court having acquired no jurisdiction, and that the proof offered would establish this vice in the judgment. This, we think, was a correct view, and it should have prevailed. Cyc., Vol. 23, p. 1047; Parker v. Spencer, 61 Texas, 155; Roller v. Ried, 87 Texas, 69.

The motion for rehearing is overruled.

*Overruled.*