### EX PARTE MAURICE GORDON.

No. 5896. Bail granted October 23, 1920.

Relator remanded to custody. March 23, 1921.

**1.—Habeas Corpus—Delinquent Child—Bail.**

Where relator, by direct application, on *habeas corpus*, asked relief from a judgment committing him to the juvenile training school bail is granted pending the hearing before this court.

**2.—Same—Statutes Construed—Delinquent Child.**

Where relator sought release as a delinquent child from detention in the juvenile training school on the ground that the law was incongrous and unintelligible, the same is overruled. Following Ex Parte Roach, 87 Texas Crim. Rep., 370.

**3.—Same—Trial by Jury—Representation by Counsel—Statutes Construed.**

The juvenile statute does not deny the right of counsel or trial by jury, and the act is not invalid on that ground.

**4.—Same—Trial by Jury—Waiver—Felony—Misdemeanor.**

The juvenile statute, Acts of Fourth Called Session, Thirty-fifth Legislature, provides in terms that a charge of delinquency of a child shall not be a felony, and it is well-settled in this State that in cases other than felony, a jury may be waived.

**5.—Same—Parental Right—Custody of Children.**

While the parents of the child have the first right to his care and custody, yet where said child appears to be beyond all parental control in some of the ways fixed as constituting him or her a delinquent child, such custody of the parents may be interfered with upon due notice to the parent or guardian of the child. Following Ex Parte Cain, 86 Texas Crim. Rep., 509

**6.—Same—Presumption—Notice—Practice on Appeal—Suspended Sentence.**

In the absence of any affirmative showing to the contrary in the record, the presumption is that the notification is given, that an opportunity was afforded for or with such delinquent to procure counsel and, if desired, a jury hearing and also to have his application for suspended sentence passed upon.

7.—Same—Suspended Sentence—Statutes Construed—Waiver.

While Articles 1195 and 1197, as amended, extend the right of suspended sentence in connection with juvenile cases, still this right may be waived, and where the record shows that no request for submission of the question of suspended sentence was made, the presumption is that the ruling of the trial court is correct, and this overcomes also statements in the motion for new trial or brief, to the effect that relator had no counsel, etc.

From Bowie County. Original application for *habeas corpus,* asking release from imprisonment in the Juvenile Training School, which is hereby denied.

The opinion states the case.

*Sid Crumpton,* for appellant.—On question of the invalidity of the law: State v. Deaton, 93 Texas, 243; Ex Parte Boaz, 21 Alabama, 425; Miller v. State, 200 S. W. Rep., 389.

*Wallace Hawkins,* Assistant Attorney General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—This is an original application for writ of *habeas corpus.*

Applicant is a boy between thirteen and fourteen years of age. The offense with which he was charged is felony theft. He was tried, however, as a delinquent before Judge Turner, district judge, without the intervention of a jury and given a term of five years in the juvenile training school or reformatory at Gatesville. He filed his plea for suspended sentence. This was decided adversely to him by the court. The judge pronounced sentence and committed him to the reformatory. He gave notice of appeal, and was granted ninety days in which to file statement of facts and bills of exception. This time has not elapsed. He was then sent to the reformatory.

This presents several questions of serious import. The right of trial by jury on the issues of fact and plea of suspended sentence are raised, and the validity of the court's action ignoring both questions, and the incarceration in the reformatory pending his appeal. Other matters are also suggested. Without deciding these now, we are of opinion the application should be granted, and the writ awarded, which we now order, and that it be returnable before this court on the 6th day of October, 1920.

He will be granted bail in the sum of $750, to be taken and approved by the sheriff of Coryell County in the terms of the law for his appearance before the Court of Criminal Appeals, to abide the judgment and order of said court. The writ will be issued against the Superintendent of the Juvenile Training School at Gatesville, to be served by the sheriff of Coryell County upon said superintendent.

*Bail granted.*

LATTIMORE, JUDGE.—This is an original application for *habeas corpus* which was partially acted upon by this court at a former day to the extent of allowing bail until we should have opportunity to consider and pass on the merits of the contentions made.

Relator seeks release from detention by the Superintendent of the Juvenile Training School at Gatesville for various reasons. The provisions of the law, defining delinquent and incorrigible children, are assailed by relator as being so incongruous and unintelligible as that same cannot be understood or correctly enforced. We cannot agree with relator. While we have held that merely to charge in the State's pleading that the accused was incorrigible was not sufficient (Ex parte Roach, 87 Texas Crim. Rep., 370, 221 S. W. Rep., 975), yet there are many acts of delinquency set forth in the statute with sufficient certainty to enable same to be understood when charged against a juvenile offender.

It is also urged that the provisions of this law violate what is termed by relator, the fundamental right of the accused to a trial by jury, and of being heard by counsel. We are unable to assent to this proposition. It is expressly stated in Article 1198, Vernon's C. C. P., which relates solely to juveniles, that any person interested may demand a jury. Nowhere in said statute is there any denial of the right of counsel, but on the contrary such right is specially recognized in Articles 1195 and 1200 of said procedure. The fact that in some individual cases there might be an apparent disregard of these sacred rights, would not justify such attack upon the law itself.

Just what constitutes a felony or a misdemeanor is a matter almost, if not entirely, of statutory definition. Article 1197 as amended by Chapter 26, p. 43, Acts Fourth Called Session of the Thirty-fifth Legislature, provides in terms that a charge of delinquency shall not be a felony, and it is well settled in this State that in cases other than felonies, a jury may be waived. Art 22, C. C. P., and collated authorities.

It is urged by relator against this law, that parents have the first right to the care and custody of their children. This must be conceded, and until by some fault of the parents, or vice of the child, the given child appears to be beyond all parental control in some of the ways fixed as constituting him or her a delinquent child, such custody and control would not likely be interfered with. It is provided that notice must be given the parent or guardian of a child charged as a delinquent, and we hold this imperative. Ex parte Cain, 86 Texas Crim. Rep., 509, 217 S. W. Rep., 386. In the absence of any affirmative showing to the contrary in a record our presumption would be that the notification mentioned was given, and that an opportunity was thus afforded to appear for or with such delinquent and procure counsel, and if desired a jury hearing. What we have just said applies to the contention here made that relator was denied the right to have his application for suspended sentence passed upon

by a jury. It appears from the copy thereof attached to his petition, that in January relator, in connection with two other boys, made a written application for a suspended sentence in his case, and it also appears that when he was tried in May of the same year, said trial was before the court, and that no disposition of the question of suspended sentence appears in the judgment. As a matter of original opinion we would feel inclined to think that the suspended sentence law could have no place in juvenile procedure where the enforcing officers are given such large latitude in the disposition and management of the offenders, and it is not to be thought that such officers would send them to State institutions except as a last resort; but as both Article 1195 and amended Article 1197, supra, make mention of the suspended sentence in connection with juvenile cases, we yield our opinion to that of the law-making body. However, we see no escape from the proposition that one who makes a written application for suspended sentence, may also waive it; the application in this case having been made in January before the trial in May, and no request for a jury appearing at the time of trial, and apparently no request for the submission of the question of suspended sentence being then made, we can indulge no presumption against the correctness of the action of the trial court. Statements in the motion for new trial or briefs, to the effect that relator had no counsel, and was denied a jury, and that he had no one to act for him, and it being his desire to have his application for suspended sentence passed upon by a jury, though made by counsel in whose truth the court has every confidence, would not suffice to overthrow the judgment of the court below, or to overcome the settled presumptions in favor of the correctness of such court's action. This is an original application for habeas corpus, and in such cases we do not undertake to inquire into the correctness of the trial court's judgments on matters of fact. Unless it was admitted here by the State that the relator was denied a jury trial, or denied counsel, or that notice was not given to his parents or guardian, or that he did not waive the issue of suspension of sentence, on hearing of an original application, we would presume these matters mentioned, in favor of the validity of the judgment of the trial court.

Finding no such error in the judgment, or the law attacked, as would warrant us in holding same invalid, the relief prayed for will be denied, and relator will be remanded to the custody of the Superintendent of the Juvenile Training School at Gatesville, Texas.

*Relator remanded to custody.*