OTHO ROBERTSON v. THE STATE.

No. 6992. Decided November 29, 1922.

**1.—Burglary—Juvenile—Trial by Jury—Bill of Rights.**

Where defendant sought to be tried as a juvenile as only seventeen years of age and the trial judge decided this issue against him upon the hearing, his claim that the failure of the court to submit that issue to the jury was a violation of the Bill of Rights was untenable. Following McLaren v. State, 82 Texas Crim. Rep., 445, and other cases.

**2.—Same—Duress—Requested Charges.**

Where, upon trial of burglary, the evidence did not raise the issue of duress within the meaning of the statute, there was no reversible error in the refusal of the requested charges submitting the theory that defendant may have been under the influence of his companion and incapable of forming a criminal intent.

Appeal from the District Court of Matagorda. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

*John F. Perry,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for burglary; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant, charging that he was under seventeen years of age, sought to be tried as a juvenile, and availing himself of the privilege accorded by Article 1195 of the Code of Criminal Procedure, also sought to have his case dismissed, claiming that he was under seventeen years of age. The trial judge decided this issue against him upon a hearing. Appellant claims that the failure of the court to submit that issue of fact as to his age to the jury upon his request was violative of Section 15. Article 1, of the Constitution, which declares that the "right of trial by jury shall remain inviolate."

Article 1195, *supra,* declares that when a youth under seventeen years of age is charged with a felony, he may file a sworn statement setting forth his age, and proceeds:

"    .   .   . when such a statement is filed, the judge of said court shall hear evidence on the question of the age of the defendant; and, if he be satisfied from the evidence that said juvenile is less than seventeen years of age, said judge shall dismiss said prosecution and proceed to try the juvenile as a delinquent, under the provisions of this Act."

We do not think this provision of the statute is void. We have held to the contrary. McLaren v. State, 82 Texas Crim. Rep., 449; Ex parte Pruitt, 82 Texas Crim. Rep., 394; Ex parte McLoud, 82 Texas Crim. Rep., 299; Ex parte Gordon, 89 Texas Crim. Rep., 125, 232 S. W. Rep., 520. Whether one is tried as a juvenile, delinquent, or as a felon, he is expressly accorded the right to have the merits of the case determined by the jury. Code of Crim. Rep., Art. 1198, Gordon v. State, 89 Tex. Crim. Rep., 59, 232 S. W. Rep., 521.

As a general rule, it is held that the provision of the Constitution against the violation of the right of trial by jury relates to the right as it existed at the time the Constitution was adopted. Ex parte Allison, 99 S. W. Rep., 870, 48 Texas Crim. Rep., 632; Ex parte Dupree, 105 S. W. Rep., 493; Ex parte Roper, 61 Texas Crim. Rep., 668. The right in question in the instant case was conferred by a statute enacted long subsequent to the adoption of the Constitution. Moreover, the courts have frequently held that in the absence of an express or implied inhibition by the Constitution, the Legislature may lawfully confer upon the judge trying a case of felony, the power to assess the punishment, leaving to the jury the determination of his guilt or innocence without violence to the right of trial

by jury. State v. Hamey, 57 L. R. A. 846; Cyc. of Law & Proc., Vol. 24, p. 146. Many instances occur in which it has been judicially held that it is competent for the Legislature to confer upon the judge trying the case the power to determine preliminary or ancillary matters. Cyc. of Law & Proc., Vol. 24, p. 146. Adverting to the statute in question, it may be added, however, that if it offends against the constitutional guarantee of the right of trial by jury, it would be void and therefore confer no right upon the appellant. In other words, it is upon the part of Article 1195, Code of Crim. Procedure, which has been adverted to, that the appellant bases his claim of exemption from prosecution for the felony for which he was indicted. His attack upon the statute, if sanctioned, would destroy the basis of his own contention.

Special charges were requested presenting to the jury the theory that the appellant may have been under the influence of his companion Downer and by reason thereof incapable of forming a criminal intent. The only evidence that has been perceived on this subject is the disparity in the ages of the two. The evidence shows that both the appellant and Downer acted in the commission of the offense. Downer was twenty-six years of age and the appellant was seventeen years old. We think there was no error in refusing the charge. One forced by threats or violence to do an act is not liable to punishment therefor. The Statute, Article 44 of the Penal Code, so declares. The evidence, however, fails to suggest that the appellant was under duress within the meaning of this statute.

There are no other questions raised which require a discussion. The judgment is therefore affirmed.

*Affirmed.*