## CLEMMIE SINGLETON V. THE STATE.

### No. 10088.  Delivered April 7, 1926.

**1.—Carrying a Pistol—Age of Defendant—Practice in Trial Court.**

Where, on his case being called for trial, appellant filed an affidavit that he was under the age of 17 years. Whereupon the court proceeded to hear evidence to determine whether appellant was under 17 years of age, under Art. 1084 C. C. P., 1925. The judge found appellant over 17 years of age, and he was then tried on the merits, and a conviction resulted. This procedure was proper.

**2.—Same—Continued.**

There was no necessity that the father of appellant should have been notified of the hearing as to his age, as he was not being proceeded against under Art. 1087 C. C. P., 1925, which governs the *trial* of a juvenile, which cannot be held without notice to the father, and if appellant desired the presence of his father at the hearing to determine his age, it was his duty to use diligence to secure his presence, and in the event of his absence to request a postponement of the hearing.

Appeal from the County Court of Shelby County. Tried below before the Hon. F. C. Powell, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*Sanders & Sanders* of Center, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully carrying a pistol, punishment is by fine of $100.

When the case was called for trial and after the state had announced attorneys for appellant stated to the court that they desired to prepare and file affidavit that appellant was under seventeen years of age and should therefore be proceeded against as a "delinquent" under the law relating to juveniles. (See Title 16, C. C. P., 1925 Revision, formerly Title 17, C. C. P.) Accused made this affidavit. After it was filed the state withdrew its announcement of ready on the main case and without objection from either party the trial judge proceeded to hear evidence to determine whether appellant was under seventeen years of age. (Art. 1084, C. C. P. 1925 Rev., formerly Art. 1195.) The judge found appellant to be over seventeen years of age, and he was then tried on the merits of the case and

conviction resulted. The evidence warranted the conclusion reached by the judge on the question of age. As we understand the record appellant makes no contention on this point but only urges that a reversal is demanded because the father of appellant was not notified of the proceeding. He relies on Ex parte Cain, 86 Tex. Cr. R. 509, 217 S. W. 386; Ex parte Gordon, 89 Tex. Cr. R. 125, 232 S. W. 520; Ex parte Rurkhardt, 94 Tex. Cr. R. 583, 253 S. W. 259. We are of opinion these authorities have no application here. In all those cases the parties were being proceeded against as "juveniles," in which event the statute (Art. 1087, C. C. P. 1925 Rev., formerly Art. 1200) expressly directs that notice shall be served upon the parents or others mentioned. If the judge should have found appellant to be under seventeen years of age, and then proceeded to try him as a "delinquent juvenile" without notice to his father, the authorities cited would have been applicable. The statute, however, provides no method of procedure where the judge is trying to ascertain the age of an accused in order to determine whether he should be proceeded against as a "delinquent juvenile" or otherwise. Where an accused is charged with violating any penal law of the state and affidavit is made that accused is within the juvenile age the statute goes no further than to say, "When such affidavit is filed, the judge shall hear evidence on the question of the age of the accused, and if he is satisfied therefrom that the accused, if a male, is then under the age of seventeen years, or if a female is then under the age of eighteen years, the judge shall transfer the case to the juvenile docket," etc. (Art. 1084 C. C. P. 1925.)

If the father was desired to testify on the question of age accused could not rely upon the failure to "notify" required under delinquency proceedings, but should have used some diligence to have him present, and in event of his absence requested a postponement of the hearing.

No error appearing from the record the judgment is affirmed. *Affirmed.*