EX PARTE PAUL TOMLIN.

No. 11383.  Delivered October 12, 1927.

**Habeas Corpus—Information and Complaint—Filing of Complaint Anterior To Information—Absolutely Necessary.**

Where appellant was convicted of being a delinquent child in the County Court of Shackelford County, and it appears that no complaint was ever filed against him in that court, the conviction is void. The making and filing of a complaint in compliance with the statute is absolutely necessary to support a conviction. See Arts. 1085 and 415 C. C. P.; Wilson v. State, 27 Tex. Crim. App. 47, and other cases cited.

Appeal from the District Court of Shackelford County. Tried below before the Hon. Elzo Bean, Judge.

Appeal from an order of the District Court remanding relator to the custody of the sheriff on habeas corpus hearing. Relator discharged.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—This is an appeal from a judgment of the District Court of Eastland County remanding relator to the custody of C. E. King, superintendent of the State Juvenile Training School for Boys, at Gatesville.

The relator sued out a writ of habeas corpus before said District Court charging that he was illegally restrained of his liberty by the said C. E. King, and the facts developed at the trial are substantially as follows:

That relator was charged in the County Court of Shackelford County by an information filed on the 13th day of February, 1927, with being a delinquent child by reason of having sold intoxicating liquor, he being then and there under sixteen years of age. He was tried on the 14th day of February, 1927, was adjudged to be a delinquent child, and was committed to the care and custody of the juvenile training school for an indeterminate sentence or until he reaches the age of twenty-one years.

His father, T. F. Tomlin, testified that on the 14th day of February, 1927, the relator lived with him on his farm eighteen miles south of Cisco, and that prior to this time he had never been out of his custody; that the boy was fifteen years old, and went to Shackelford County to visit his son; that he was never notified in any way of the proceedings in Shackelford County against his son.

Certified copies of the proceedings were attached to the writ of habeas corpus as well as also being introduced in evidence. From these it appears that no complaint of any kind was ever signed and sworn to. That a paper denominated a complaint was filed on the 14th, the day following the filing of the information charging the relator with the said offense. No brief appears for relator, but we gather from the record that he seeks his release from custody because no complaint was filed against him in the County Court of Shackelford County and because no notice was ever issued to or served on his parents of the charge against him as provided by law.

Art. 1085 C. C. P. provides: "A proceeding against a delinquent child may be begun by an information based upon a sworn complaint, each of which shall state in general terms that the

acts alleged constitute such child a delinquent child, and shall conform in other respects to the rules governing prosecutions for misdemeanors begun by information and complaint."

Art. 415 C. C. P. provides: "No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information."

It was said in Wilson v. State, 27 Tex. Ct. of Apps. 47: "Without a complaint, an information would be wholly invalid, would confer no jurisdiction upon the court, and would be worthless for any purpose."

The Bill of Rights provides, in substance, that no citizen of this state shall be deprived of life or liberty except by due course of the law of the land. The law of this state imperatively requires that an affidavit be made by some credible person charging the defendant with an offense as a predicate for an information.

In Paschal v. State, 9 Tex. Crim. Rep. 205, it was held that an information filed the day before a complaint was filed was void.

In Thornberry v. State, 3 Tex. Crim. Rep. 36, it was said: "The statutory requirement of an affidavit or sworn complaint as the foundation of an information is but a compliance with the constitutional guaranty against the seizure of persons without probable cause, supported by oath or affirmation."

The record showing affirmatively that the prosecution was based upon an information alone, we believe the proceedings were a nullity.

The findings of. the court are somewhat uncertain, but we think it is inferable from them that no notice was ever issued to the parents of relator, as required by Article 1087 of the Code of Criminal Procedure. This conclusion is very strongly supported by the fact that relator was immediately tried without the opportunity of counsel, and the distance his father lived from the scene of the trial was such as to render it extremely improbable, if not impossible, that he could have been served with notice.

In Ex Parte Cain, 86 Tex. Crim. Rep. 513, it was held that the judgment could be attacked both because no complaint had been filed and because no notice had been given the parents. See also Ex Parte Gordon, 89 Tex. Crim. Rep. 125; Ex Parte Burkhart, 94 Tex. Crim. Rep. 583, and Ex Parte Singleton, 104 Tex. Crim. Rep. 9. All of these last cases hold, in effect, that·

notice to the parents is an indispensable prerequisite to the trial of a delinquent child, and these holdings find support, both in reason and in the terms of the general delinquent child law.

As stated by Justice Lattimore in Ex Parte Cain, 86 Tex. Crim. Rep. 513: "This court ordinarily declines to permit the functions of an appeal to be impinged by a writ of habeas corpus, but this could not hold in the case of a mere child where the effort is made to show that the parents were not notified and had no opportunity to prepare for an appeal."

This law deals generally with the underprivileged of the world and always with truant youth. That a mere child is entitled to the advice of his parents, poor though it may be, before his liberty is taken, is the statement, it seems to us, of a self-evident truth which has found expression in Article 1087 of the Code of Criminal Procedure, but which has abided with mankind always. It is but the prompting of that divine something in the hearts of man which demands fair dealing towards errant and inexperienced childhood. This court ought to, and we think has, liberally construed this provision of the law in the spirit of its exalted purpose. Observance of this simple provision to notify parents or guardians where they are known of the trial of their child or ward ought not to prove difficult. Its breach may prove too grave a matter to tolerate disobedience.

Believing, therefore, that the said proceedings were a nullity, the judgment of the trial court is reversed and relator is ordered discharged.

*Relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.