EX PARTE LUCIUS WEBB.

No. 11673.   Delivered March 7, 1928.

**Habeas Corpus—Juvenile Delinquent—Improperly Remanded.**

Where a child has been tried under the juvenile statute without notice to the parent or guardian of said child, the conviction is void, in the sense that it is open to attack by way of habeas corpus. Following Ex Parte Burkhart, 253 S. W. 386, and other cases cited. Also see Art. 1087, C. C. P., 1925.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from an order on a habeas corpus hearing, remanding appellant to the custody of J. B. Oliphant, superintendent of Harris County School for Boys. Appellant discharged.

The opinion states the case.

*D. A. Puckitt* of Houston, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order refusing to discharge the appellant under a writ of habeas corpus. The appellant was tried and convicted as a juvenile delinquent and "committed to the care and custody of J. B. Oliphant, superintendent of Harris County School for Boys, Webster, Texas, for an indeterminate period of time not to exceed five years or beyond the time when he shall be twenty-one years of age." He had been previously charged as a delinquent on account of another transaction and had been paroled to his uncle. The uncle resided in the city of Houston, Harris County, Texas, as did the appellant's mother. At the time of

his arrest and for some months prior thereto, the appellant was an inmate of his mother's home, and apparently the parole had terminated. When the complaint against him in the present case was filed, his uncle was given informal notice of it, appeared and employed an attorney. The mother, however, a widow, was given no notice and knew nothing of the trial until after the conviction.

The judgment is attacked in this proceeding on the proposition that it is invalid in that the court had no jurisdiction to try the accused without notice to his parent. This contention is supported by several decisions of this court. See Ex Parte Burkhart, 253 S. W. 259; Ex Parte Gordon, 232 S. W. 520; Ex Parte Cain, 217 S. W. 386. The foregoing cases are based upon the construction of Art. 1087, C. C. P., 1925, formerly Art. 1200.

In these cases the conclusion is announced that a judgment requiring the incarceration of a child under the juvenile statutes, entered on a trial had, without notice to the parent or guardian of the child, is void in the sense that it is open to attack by way of habeas corpus.

The order refusing the relief prayed for is reversed and the appellant ordered discharged.

*Reversed and appellant discharged.*