EX PARTE MRS. LOTTIE PALVADO AND VERNON PALVADO.

No. 20509. Delivered May 17, 1939.
Rehearing Denied June 14, 1939.

The opinion states the case.

*H. H. Shelton,* of Austin, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

Relators were taken into custody under a capias pro fine alleged to have been issued out of the justice court of Gillespie County, Texas. A writ of habeas corpus was awarded, and, after a hearing, they were remanded to custody. Hence this appeal.

No certified judgments of conviction in the justice court appear to have been introduced in evidence. On the contrary, the record affirmatively shows that at the time relators were remanded to custody such judgments were not before the court and that relators were held solely by virtue of a capias pro fine. There are in the transcript two judgments of conviction in the justice court of Gillespie County which appear to have been filed with the papers of this cause more than a week after relators were remanded to custody. These instruments have no place in the transcript and are not entitled to consideration. They were not before the trial judge.

Concluding as we must, under the record presented, that relators were held solely by virtue of the capias pro fine, we look to such instrument to determine whether it was sufficient to authorize the detention of relators. It is defective in several particulars. It is not signed by the justice of the peace. The amount due or unpaid on the fine is not shown. The capias was returnable January 10, 1939. It was executed four days thereafter. Referring to a capias pro fine, Art. 789, C. C. P., reads as follows: "Where such capias issues, it shall state the

rendition and amount of the judgment and the amount unpaid thereon, and command the sheriff to take the defendant and place him in jail until the amount due upon such judgment and the further costs of collecting the same are paid, or until the defendant is otherwise legally discharged."

We are constrained to hold that relators are illegally restrained.

The judgment is reversed and the relators ordered discharged.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Judge.

Relators have filed a motion for rehearing requesting us to pass upon the "merits" of their case, by which we understand they desire us to determine whether the judgment of conviction in the Justice Court of Gillespie County was void.

Relators rely largely on Ex Parte Cain, 86 Texas Cr. R. 509, 217 S. W. 386. The proceeding there was seeking the release of a juvenile from the training school. The application for the writ of habeas corpus set out various grounds violative of the statutory procedure in such cases and which, if true, would have rendered the judgment committing the juvenile void. The following language in the opinion is particularly relied on by relators. "Any allegation of facts in the application, which if sustained, would show a void judgment, would admit proof of such facts." In the present application no facts are stated which, if true, would render the judgment void. The only averment is a conclusion that relators are "illegally restrained of their liberty * * * by virtue of a certain writ and order alleged to be a capias pro fine." The record contains no complaint against relators in the justice court and no judgment of which this Court can take cognizance. The evidence offered by relators upon the habeas corpus hearing was rejected upon objection by the State as an attempt to attack the judgment collaterally, but is brought forward in a bill of exception. As heretofore pointed out, there are no averments in the application for the writ which would authorize the reception of the evidence offered. The State made no effort to meet the proffered testimony, apparently relying upon the capias pro fine, which

we held invalid. The evidence found in the bill of exception, if left unchallenged by the State, in a proper proceeding might raise some question as to the validity of the judgment of the justice court, but as we find the record before us we are of opinion the order made originally is as far as we may safely go.

The motion for rehearing is overruled.