

# The Attorney General of Texas

March 6, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Patrick J. Ridley
Bell County Attorney
P. O. Box 474
Belton, Texas 76513

Opinion No. MW-298

Re: Whether section 53.06 of the Family Code requires service of summons on the parents of a married juvenile

Dear Mr. Ridley:

The Texas Family Code sets forth statutory requirements pertaining to judicial proceedings involving juveniles. See §51.01, et seq. Section 53.04 provides for an adjudication or transfer hearing when a child has allegedly engaged in delinquent conduct or conduct indicating a need for supervision, as defined in section 51.03. Section 53.06 requires that, prior to said hearing:

> (a) The juvenile court **shall** direct issuance of a summmons to:
>
> (1) the child named in the petition;
>
> (2) the child's parent, guardian, or custodian;
>
> (3) the child's guardian ad litem; and
>
> (4) any other person who appears to the court to be a proper or necessary party to the proceeding. (Emphasis added).

You have requested our opinion as to whether section 53.06 requires service of summons upon the parents of a juvenile who is married.

Texas courts have repeatedly held that in order for a juvenile court to have jurisdiction over a juvenile proceeding, a summons to appear at the hearing must issue to the juvenile's parent or guardian. Grayless v. State, 567 S.W. 2d 216 (Tex. Crim. App. 1978); In re T.T.W., 532 S.W. 2d 418 (Tex. Civ. App. - Texarkana 1976, no writ). See also Ex parte Webb, 3 S.W. 2d 810 (Tex. Crim. App. 1928); Ex parte Tomlin, 298 S.W. 902 (Tex. Crim. App.

1927). Compare In re Honsaker, 539 S.W. 2d 198 (Tex. Civ. App. - Dallas 1976, writ ref'd n.r.e.). An exception is permitted when the parent or guardian waives service of summons in writing or by voluntarily appearing at the hearing. See Family Code §53.06(e). As the court observed in In re Honsaker, supra, the reason for such a requirement is that:

> every child who appears before the juvenile court must have the assistance of some friendly, competent adult who can supply the child with support and guidance. Usually, one of the child's parents or in some situations a substitute parent, will fill this need.

539 S.W. 2d at 200-01, citing commentary to section 51.11, Family Code.

It has been suggested that because the parents of a juvenile who marries no longer have parental duties and privileges under section 12.04 of the Family Code, there is no reason for them to be present at a juvenile hearing, and therefore they need not be served with a summons under section 53.06. It is true that once a minor marries, he loses the disabilities of minority and acquires the legal capacity of an adult, see Family Code sections 4.03 and 31.07, and he is no longer considered a "child" for purposes of section 12.04. See Family Code §11.01 (definition of "child"). However, he is still subject to the juvenile laws set forth in section 51.01, et seq. Section 51.02 defines "child" for purposes of Title III of the Family Code which concerns delinquent children and children in need of supervision, as follows:

> (1) 'Child' means a person who is:
>
> (A) ten years of age or older and under 17 years of age; or
>
> (B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

No reference is made to marital status. See also Williams v. State, 219 S.W. 2d 509 (Tex. Civ. App. - Galveston 1949, no writ). Compare Family Code §11.01, which defines "child" for purposes of sections 11.01, et seq., and 31.01, et seq., as a:

> person under 18 years of age who is not and has not been married or who has not had his disabilities of minority removed for general purposes. 'Adult' means any other person.

It does not follow from the fact that the parents of a married juvenile have no duties and privileges under section 12.04 that they would necessarily not have an interest in a juvenile proceeding sufficient to justify the statutory requirement that summons to appear at said hearing must issue. The fact of marriage does not negate the policy considerations set forth in cases such as In re Honsaker, supra.

Section 53.06 is plain and unambiguous, and its provisions must be given effect as written, unless such a construction would lead to an absurd or unjust result. Dovalina v. Albert, 409 S.W. 2d 616 (Tex. Civ. App. - Amarillo 1966, writ ref'd n.r.e.). They must also be strictly construed. D.A.W. v. State, 535 S.W. 2d 21 (Tex. Civ. App. - Houston [14th Dist.] 1976, writ ref'd n.r.e.). From a practical standpoint, there may be valid reasons for eliminating the requirement that summons issue under section 53.06 to the parents of a married juvenile; however, that is a matter for the legislature to consider. We cannot ignore the express provisions of the statute.

We therefore conclude that section 53.06 of the Family Code requires service of summons on the parents of a juvenile who is married.

### S U M M A R Y

Section 53.06 of the Family Code requires the judge of a juvenile court to direct issuance of summons on the parents of a juvenile who is married.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Kathryn Reed
Bruce Youngblood