### EX PARTE W. H. BURFORD.

#### No. 2467.    Decided April 30, 1913.

**Habeas Corpus—Different Indictments—Former Jeopardy.**

Where the relator contended that he was indicted in four different bills of indictment for incest, with the same female, each upon a different date, and each constituting a separate offense, but that he had been acquitted on the trial of one of said indictments in which evidence had been introduced concerning all the offenses charged in the other indictments, and which had been submitted to the jury without limitation by the court's charge and that, therefore, he could not be tried again on any of the other indictments. Held, that, inasmuch as the prosecutrix denied in said former trial of having had sexual intercourse with defendant on said other dates, the writ must be denied.

From Reeves County.

Original application for writ of habeas corpus asking discharge from further prosecution of incest in three different indictments on the ground of former jeopardy because of a trial on another indictment and an acquittal thereon.

The opinion states the case.

*Gibson & Wilson* and *J. E. Starley* and *W. F. Ramsey,* for relator.— On question of former jeopardy: Ex parte Davis, 89 S. W. Rep., 978; Herera v. State, 34 S. W. Rep., 943; Graham v. State, 19 Texas Crim. App., 504; Blount v. State, 2 S. W. Rep., 190; Reed v. State, 29 S. W. Rep., 1085; Piper v. State, 53 Texas Crim. Rep., 550, 110 S. W. Rep., 899; Alexander v. State, 53 Texas Crim. Rep., 553, 110 S. W. Rep., 918.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case it appears that relator was indicted by the grand jury of Reeves County, charged with incest with his step-daughter, Willie Boyd. The grand jury returned four bills of indictment,—the first alleging that an act of intercourse took place on July 1, 1910; the second alleged an act took place on November 1, 1910,

while the third and fourth indictments alleged acts on November 10 and November 15.

That each act of intercourse would constitute a separate and distinct offense is not contested by relator, but he contends that on the trial for the offense alleged in the indictment as taking place July 1, that evidence as to each of the other dates was also admitted and not limited in the charge of the court. While it is true that Willie Boyd was asked in regard to each of these dates, yet she denied that relator ever had intercourse with her on any date; therefore, the State could not seek a conviction on her testimony alone. We do not think the evidence had on this trial would bring this case within the rule announced in the case of Davis v. State, 48 Texas Crim. Rep., 644. If the State had any proof that appellant was guilty of having illicit intercourse with his stepdaughter on November 1st, 10th or 15th, it was not adduced on this trial. It may be when those cases are called for trial it has evidence it will offer as to the commission of an offense on those dates. It is true the examination of Willie Boyd took a wide range, but when she denied having intercourse with appellant on November 1st, 10th and 15th, the State did not seek nor ask for a conviction on those dates. The rule in the Davis case seeks to be against the great weight of authority, both in this State and in other States, and while a case might arise which would authorize the granting of the writ of habeas corpus where one had been tried and acquitted of that specific offense, yet the facts here do not make a case in which the writ should be granted. Relator's counsel, in their brief, frankly state that the great weight of authority is against their contention, saying:

"We are not unmindful of the fact that the authorities generally seem opposed to the position taken by us in the case. The case of Hovey v. Sheffner, 125 American State Reports, 1037, 16 Wyoming, 254, 93 Pacific, 305, is, in many respects, the best considered and the most exhaustive discussion of this question to be found anywhere. This case quotes the authorities from all over the Union, and is probably the strongest authority against us. It states the rule to be as follows: 'So we find it laid down as a general rule that the defense of former jeopardy or of former acquittal or conviction does not entitle the prisoner to be discharged on habeas corpus. 21 Cyc., 305, and cases cited; 9 Ency. of Pl. & Pr., 632; Church on Habeas Corpus, 2d Ed., sec. 253, and note 1; 1 Bishop's New Criminal Procedure, sec. 821. In the section cited, Mr. Bishop states that a discharge by the jury after jeopardy begun without verdict or the prisoner's consent, operates in law as an acquittal; and on motion without plea he is entitled to be set at liberty, but that should the court refuse, habeas corpus will not lie.'

"This seems to have been the rule in this State for many years. It is well illustrated in the case of Perry v. State, 41 Texas, 488; Wright v. State, 7 Ind. (Porter) R., 324; Hurd on Habeas Corpus, p. 335-344; Commonwealth v. Norton et al., 8 Serg. & Rall, 71. In its facts, the

case of Perry v. State, 41 Texas, 483, is very like the case at bar. In that case, it appeared that Perry was held in custody to answer five several indictments for theft. The right to the discharge was based on the fact of appellant's having been convicted in said court on an indictment for theft of a steer, found at the same term of court as the indictment under which he is now held in custody. 'All of said indictments, it is insisted, having been found on the same evidence and on account of the same transaction, are therefore claimed to be for one and the same supposed offense.' In discussing the case, Judge Moore, speaking for the court, said:

"'An application for a habeas corpus for the purpose and under the circumstances for which this was made, is certainly novel, and without precedent in the courts of this State. It would seem to have been long since much too well established by the common law, as well as our statutes, that an indictment not void upon its face, regularly returned to and pending in a court having jurisdiction thereof, could only be disposed of by some appropriate proceeding in such court, for an experiment such as the present. The practice at common law in the court of the King's Bench is thus stated in Wilmot's Opinions, 106 (Hurd on Habeas Corpus, 331): 'In imprisonment for criminal offenses the court can act upon it only in one of three manners: 1. If it appear clearly that the fact for which the party is committed is no crime, or that it is a crime, but he is committed for it by a person who has no jurisdiction, the court discharges. 2. If doubtful whether a crime or not, or whether the party be committed by a competent jurisdiction, or if it appears to be a crime, but a bailable one, the court bails him. 3. If an offense not bailable, and committed by a competent jurisdiction, the court remands or commits him.'

"It is certainly essential to the proper discharge of its duties, and the due and efficient administration of the law, 'that wherever a court assumed to act in a matter, and over parties within its jurisdiction, it is right and duty to proceed to its final determination without interference from another tribunal.'

"The writ of habeas corpus was not designed to operate as a writ of error or certiorari, and does not have their force and effect. It does not deal with errors or irregularities which render proceedings voidable merely, but such only as render them absolutely void.

"The authorities to which we are cited in support of the application for the writ are not applicable to such a case as this, and when properly understood tend in no way to maintain it." Many other authorities could be cited but we do not deem it necessary to do so.

Writ of habeas corpus denied.

                                                      *Writ denied.*