## EX PARTE, OTIS DAVIS.

### No. 5378. Decided April 23, 1919.

**1.—Delinquent Child—Procedure—Appeal—Habeas Corpus.**

Where relator was convicted as a delinquent child for theft in the County Court, sitting as a Juvenile Court, on a complaint and information, his remedy was an appeal to this court, under the present statute. Following Ex parte Pritt, 82 Texas Crim. Rep., 394, 200 S. W. Rep., 392.

**2.—Same—Rule Stated—Juvenile Court—Statutes Construed—Habeas Corpus.**

Under Article 1198 C. C. P., it is provided that the County and District Courts have jurisdiction of delinquent children, and for convenience these courts are called the Juvenile Court, and where the judgment convicting such delinquent child in the County Court and confining same to the State Juvenile Training School, was in regular form, the same cannot be collaterally attacked in a habeas corpus proceeding, but the remedy is by appeal.

**3.—Same—Statutes Construed—Procedure Practice in County Court.**

Article 1206 C. C. P. is not exclusive, but must be construed together with Articles 1195 and 1197 C. C. P. as amended, as to what procedure must be followed.

From Gonzales County.

Original habeas corpus proceeding asking release from arrest as delinquent child under a judgment of the County Court, sentencing relator to the State Juvenile Training School, for a period of one year.

The opinion states the case.

*W. M. Atkinson*, for relator.

*B. Duncan Davis*, for respondent.

*E. A. Berry*, Assistant Attorney General, for the State.—Cited Ex parte Lambert, 37 Texas Crim. Rep., 435; Ex parte Patterson, 42 id., 256; Ex parte Japan, 36 id., 482.

MORROW, JUDGE.—This is an original application for a writ of habeas corpus.

It appears that relator is held under a judgment of the county judge of Gonzales County sitting as a Juvenile court. The judgment recites that the relator was charged by complaint and information with being a delinquent child, in that he had stolen a certain sum of money; that the parties appeared; that the relator was under seventeen years of age, and that he is therein condemned to the State Juvenile Training School for a period of one year.

The relator could have appealed from the judgment. This has been expressly declared by statute. Acts Thirty-fifth Legislature, Fourth Called Session, Chapter 26. It had been so previously held under the construction of the former law. Ex parte Pruitt, 82 Texas Crim. Rep., 394, 200 S. W. Rep., 392.

The authority for holding the relator being under a judgment which, on its face, is regular and against which no direct attack is made, there would be available, in the collateral proceeding of a habeas corpus under the record, only the question of the jurisdiction of the court to enter the judgment. There is a statute, Article 1198, C. C. P., declaring, that the County and Districts Courts of the several counties of the State shall have jurisdiction in all cases coming within the terms and provisions of this law, and that in all trials coming under the Act any person interested therein may demand a jury. The finding of the court shall be entered in a book known as the juvenile record, and the court, when disposing of cases under this law, may, for convenience, be called the Juvenile Court.

In section 1, of Article 5 of the Constitution. the following is found: ''The Legislature may establish such other courts as it may deem necessary, and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.'' Various acts of the Legislature establishing courts and conferring jurisdiction have been construed in cases which are cited in Harris' Texas Constitution, p. 356. Without discussing them in detail, suffice it to say that in our opinion there is nothing in the Constitution which would inhibit the Legislature from conferring upon the County Court the power to render the judgment which appears in the record in this case. The court having jurisdiction to render the judgment, and the law affording a remedy by appeal, we are not, in a habeas corpus proceeding, in a position to inquire into questions of procedure in the trial or the sufficiency of the evidence upon which the judgment was rendered. The juvenile law in several of its phases has been held valid. See McLaren v. State, 82 Texas Crim. Rep., 449, 199 S. W. Rep., 811; Ex parte Pruitt, 82 Texas Crim. Rep., 394, 200 S. W. Rep., 392; Ex parte McLoud, 82 Texas Crim. Rep., 299, 200 S. W. Rep., 394; Miller v. State, 82 Texas Crim. Rep., 495, 200 S. W. Rep., 389.

Article 1206, C. C. P., to which the relator refers, and in which a procedure is designated by which the parent may cause the restraint of an incorrigible juvenile, has not, so far as we are aware, been construed. Without further passing upon its effect, we would state, in our opinion, it is not exclusive, but on the contrary Article 1197 as amended by the Thirty-fifth Legislature, and Article 1195, designate procedure which the courts may follow.

The application for writ of habeas corpus is dismissed.

*Dismissed.*