## Ex Parte Vera Roach.

### No. 5839. Decided May 19, 1920.

**1.—Juvenile—Girls' Training School—Void Judgment—Habeas Corpus.**

Where relator was convicted and sent to the Girls' Training School at Gainesville and sued out a writ of *habeas corpus* before this Court, and the judgment attached to the application for the writ was fatally defective in not specifying the time or place of confinement, and the same was not based upon a complaint or indictment substantially setting out the elements of the offense, the relator is discharged.

**2.—Incorrigible Child—Pleading—Information.**

To merely charge that relator is a delinquent, incorrigible child, without alleging the things which constitute the delinquency or incorrigibility is not sufficient.

From Galveston County.

Original Habeas Corpus proceedings asking release from arrest in the Girls' Training School at Gainesville, Texas.

The opinion states the case.

*Fuller & Brady,* for relator.—Cited: Ex parte King, 217 S. W. Rep., 366; Miller v. State, 200 S. W. Rep., 389; Hunt v. State, 9 Texas Crim. App., 404; Thomas v. State, 12 id., 227.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—This is an effort on behalf of relator, Vera Roach, by due presentation here of an original application for a writ of *habeas corpus,* to secure her release from the Girls' Training School at Gainesville, Texas, to which she was committed by order of the Juvenile Court, at Galveston, in December, 1919. This Court will not entertain jurisdiction of this *habeas corpus,* unless it be made to appear that the judgment entered was void. A copy of the judgment is attached to the answer of the respondent, the head of the said Girls Training School, and it at once appears from an inspection of said judgment, that same is fatally defective. It is specifically required by Article 1197, Vernon's C. C. P., as amended by the Acts of the Fourth Called-Session of the Thirty-fifth Legislature, page 43, that the judgment in the case of a juvenile prosecution, must specify both the time and place of confinement. This does not appear in the judgment in the instant case, by which relator is merely committed to said Girls Training School. There is neither beginning nor ending of said confinement, nor anything as to the duration thereof.

We also observe that in order to be a valid judgment, same must be based upon a complaint or indictment, charging at least substantially, the elements of the offense. It is specifically required by Article 1199 of Vernon's C. C. P., that in the State's pleading in a prosecution under the Juvenile Act, said pleading shall set forth the act or acts claimed to have been committed by the accused, as constituting her a delinquent child. In the information filed in the instant case, copy of which is attached to the application, it is merely charged that relator is a delinquent and incorrigible child. This is not sufficient, notwithstanding the statute enumerates *incorrigibility* as one of the things which would constitute delinquency. An incorrigible is one who cannot be reformed; one incapable of reformation, and stated abstractly and apart from any enumeration of specific acts, such charge would seem to us altogether too indefinite and incapable of

proof as applied to any child of tender years, and for whose benefit and reformation this law must have been enacted. Said law proceeds entirely upon the supposition that the reformation of its subjects is possible and probable, and that they are not incorrigible.

The relator will be discharged.

*Relator discharged.*