## Ex Parte Austin Guinn.

### No. 6097. Decided February 23, 1921.

**1.—Delinquent Child—Complaint—Collateral Attack—Judgment.**

Although the complaint was not artfully drawn, the pleader having used printed blanks containing much matter that should have been erased, nevertheless, it was sufficient in its allegations of delinquency, besides, this being a collateral attack on the judgment, which recites a sufficient complaint and information, there is no reversible error on that ground. Following Ex parte Davis, 85 Texas Crim. Rep., 219.

**2.—Same—Judgment—Collateral Proceeding—Jurisdiction.**

Where, upon *habeas corpus* trial of a delinquent child, the judgment below showing that the court was one of competent jurisdiction, and there being nothing in the record that such jurisdiction did not attach, it is presumed in a collateral proceeding that the judgment is valid.

**3.—Same—Time and Place of Confinement—Judgment—Docket Entry.**

Where, the judgment in the instant case sufficiently complies with the law requiring that the time and place of confinement of the delinquent child shall be stated in the judgment, there was no reversible error; following Ex parte Roach, 87 Texas Crim. Rep., 370; and the contention of relator that the docket entry of the trial court was incomplete in failing to state the duration of the confinement, and that therefore the detention of the relator is unauthorized, is untenable, as the judgment contained no such vice.

**4.—Same—Affidavit—Judgment—Collateral Attack—Habeas Corpus.**

Where, the judgment in the instant case is of such dignity that this court cannot disregard it upon an *ex parte* affidavit to declare the same void upon the ground that no notice was given as the law requires, and this is a matter which the trial court should determine, such affidavit will not be considered on *habeas corpus* proceedings. Following Ex parte Japan, 36 Texas Crim. Rep., 482, and other cases; and the application for writ of *habeas corpus* must be dismissed.

From Tarrant County.

Original *habeas corpus* proceeding asking release from a judgment convicting defendant as a delinquent child and committing him to the Boys' Training School.

The opinion states the case.

*J. F. Lattimore, Del Estes,* and *Alfred Mueller,* for relator.—Cited Ex Parte Brooks, 211 S. W. Rep., 592; Ex Parte Deglner, 30 Texas Crim. App., 566; Ex parte Roach, 221 S. W. Rep., 975; Ex parte McLoud, 200 id., 395.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, Presiding Judge.—The relator has been adjudged a delinquent child and ordered committed to the Boys' Training School situated in Coryell County, Texas, for an indeterminate period, not to exceed five years or beyond the time he shall have reached the age of twenty-one years.

The judgment was entered in June, 1920. No appeal was prosecuted. Release is sought by way or writ of *habeas corpus* on the ground that conviction, on its face, is void.

The complaint is not artfully drawn, the pleader having used printed blanks containing much matter that should have been erased. It does charge, however, that the relator did habitually wander about the streets of the city of Fort Worth in the night-time without being on any business or occupation. We have held this a sufficient allegation of delinquency. Moreover, the attack on the judgment is a collateral one, and the judgment recites a sufficient complaint and information. There is nothing contained in the judgment and complaint to conflict with the recital. (See Ex parte Davis, 85 Texas Crim. Rep., 219). The law requiring that the proceedings shall begin by complaint and information is not therefore shown to have been disregarded in the present instance; contrary appears.

The judgment which bears date the 19th day of June, the day on which the case was tried, and which was certified as the judgment of the court, we think, by its terms, complies with the law in both form and substance. From it appears that the relator appeared in person; that all interested persons received due notice as provided by law; that a jury was waived by the relator; and that he entered the plea of guilty. The judgment is one of a court of competent jurisdiction. There is nothing in the record to show that the jurisdiction did not attach, and in this collateral proceeding the presumptions are in favor of the validity of the judgment. Ex parte Davis, *supra,* and cases cited thereunder.

The statute declares "the institution known as 'The State Institution for the Training of Juveniles,' located at Gatesville, shall be named and known as 'The State Juvenile Training School,' hereafter to be designated as 'The Training School.' " Vernon's Texas Civil Statutes (1914) Vol. 3, Article 5221. The judgment in the instant case sufficiently complies with the law requiring that the time and place of confinement shall be stated in the judgment. (See Ex parte Roach, 87 Texas Crim. Rep., 370, 221 S. W. Rep., 975).

The trial judge has noted on the docket: "Defendant pleads guilty, waives trial by jury, punishment assessed indeterminate number of years confinement State Training School for Juvenile Boys located at Gatesville, Texas, said defendant not to be detained beyond the time when he shall have become twenty-one years of age."

The relator insists that having made this entry upon his docket, it became the judgment of the court, and being incomplete in failing to state the duration of the confinement; that the detention of relator is

unauthorized. If omission occurred in the judgment of the court, the contention would be sound, but the judgment before us was regularly certified by the clerk of the court as copied from the minutes and contains no such vice; on the contrary, as stated above, it designates both the time and place of confinement. This judgment so entered and certified cannot be impeached in a collateral proceeding by a memorandum made by the trial judge upon his docket.

By an affidavit filed in this court the relator seeks to have the judgment declared void upon the ground that the notice which the law requires to be served upon the parents of the alleged delinquent were not, in fact, served. We have held that such notice is jurisdictional, but in the instant case the recital in the judgment that same was given is of such dignity that we cannot disregard it upon an *ex parte* affidavit. Whether notice was, in fact, issued and served is a matter which the trial court is in a far better position to determine than is this court, and it is a question of fact that should be determined in the trial court and brought here for review if the decision was unsatisfactory. In the absence of some extraordinary reason therefor, it has been the uniform practice of this court to refuse to determine questions of fact upon application for writ of *habeas corpus*. Upon this subject we reproduce the opinion of the court expressed by Judge DAVIDSON:

"This is an original application to this court for a writ of *habeas corpus*. We have heretofore held that, 'While the Constitution and statutes on this subject give this court jurisdiction to issue writs of *habeas corpus,* yet we do not believe it was the intention of the lawmakers to constitute this tribunal a *nisi prius* court for the purpose of issuing and trying, indiscriminately, all cases of *habeas corpus*. The Constitution and laws of this State authorize us to review such cases on appeal.' See, Ex parte Lambert (Texas Crim. App.), 36 S. W. Rep., 81. The application could have been made to the judge of the County Court of Bell County, if, indeed, the applicant could have resorted to the writ of *habeas corpus* at all. This is doubtful. See Ex parte Ezell, 40 Texas, 451; Ex parte Dickerson, 30 Texas Crim. App., 448; Ex parte Reynolds, 35 Texas Crim. Rep., 437. It appears on the face of the application that the applicant had been convicted in the City Court of Temple of a misdemeanor, and, unless the judgment was absolutely void, he could not obtain relief by writ of *habeas corpus*. The application for writ of *habeas corpus* is refused." (Ex parte Arthur Japan, 36 Texas Crim. Rep., 482).

The application for writ of *habeas corpus* is dismissed.

*Dismissed.*