Ex Parte Clarence Foster.

No. 5928. Decided March 23, 1921.

1.—Habeas Corpus—Juvenile Training School—Statutes Construed—Delinquent Children.

Where the contentions of relator that the juvenile statute concerning delinquent and incorrigible children was unintelligible and deprived the accused of a trial by jury, had heretofore been decided adversely to relator, they need not again be considered.

2.—Same—Right of Appeal—Collateral Attack—Judgment.

Where relator sought release by *habeas corpus* from the State Juvenile Training School under a conviction as a delinquent and incorrigible child, a collateral attack upon the judgment and other questions with reference to appeal having been disposed of in a recent case adversely to the relator, there was no reversible error. Following Ex Parte Gordon, 228 S. W. Rep., 1095, recently decided.

From Bowie County.

Original application for *habeas corpus;* seeking release of relator from the State Juvenile Training School under a judgment and sentence adjudging him a delinquent and incorrigible child.

The opinion states the case.

*Sid Crumpton,* for relator.—Cited Miller v. State, 209 S. W. Rep., 389.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—This is an original application for *habeas corpus* seeking release of relator from the State Juvenile Training School at Gatesville, where he was confined by virtue of judgment and sentence of the District Court of Bowie County, finding him to be a delinquent and incorrigible child. The writ was issued, bail granted, and the matter is now before us on its merits.

This is a companion case to that of Morris Gordon, 89 Texas Crim. Rep., 59, 228 S. W. Rep., 1095; and the same questions are presented in both cases. They are identical in that respect; but the original Gordon case is before us on appeal, together with *habeas corpus* proceedings, and the Clarence Foster case was not appealed, but is only presented on *habeas corpus* proceeding.

Relator contends that he should be released from custody because he says: (1) "The law defining delinquent and incorrigible children is incongruous and unintelligible in its terms as to render it of such doubtful construction that it cannot be understood and is therefore unenforceable;" (2) "The provisions of the law in reference to the trial and commitment of delinquent children violates the fundamental rights of the accused to a trial by jury, and of being heard by counsel."

If the foregoing contentions are correct of course relator is entitled to the relief sought; but they have all been decided against his contention. It would be useless to repeat what has been said heretofore in Morris Gordon, 89 Texas Crim Rep., 59, 228 S. W. Rep., 1095, a companion case, this day decided, both on motion for rehearing, and original habeas corpus proceedings. (See cases cited in those opinions).

The other questions presented are identical with the ones raised and discussed in the case just referred to. It constitutes a collateral

attack on the judgment, there being no appeal in the instant case, and might be disposed of under the authority of the case, Ex Parte Davis, 85 Texas Crim. Rep., 218. But all matters presented have been disposed of in the Gordon case, to which reference is made.

The relief prayed for is denied, and relator is remanded to the custody of the Superintendent of the Juvenile Training School at Gatesville, Texas.

*Relator remanded to custody.*