## J. R. SMITH V. THE STATE.

No. 6311.	Decided June 8, 1921.

1.—Tick Eradication—Information—Pleadings—Quarantine Area.

Where upon trial of a violation of the tick eradication law, the information and complaint charged that cattle were driven from a special quarantime area, which in no way described said area, or the mannner or means by which such special quarantine was put into operation in such area, the same was not sufficient on motion to quash.

2.—Same—Verdict—Punishment—Practice on Appeal.

Where the verdict of the jury found the defendant guilty, and assessed his punishment at a fine of one dollar per head of cattle which he failed to dip, the same was insufficient in not fixing the punishment.

Appeal from the County Court of Gregg. Tried below before the Honorable W. A. Ray.

Appeal from a conviction of a violation of the tick eradication law; penalty, a fine of one dollar per head of cattle.

The opinion states the case.

*F. B. Martin*, for appellant.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Gregg County of a violation of the tick eradication law, and his punishment fixed at a pecuniary fine.

The information, which follows the complaint, is as follows:

"In the Name and by the Authority of the State of Texas:

"Now comes Jno. T. Buckley, County Attorney of Gregg County, Texas, upon affidavit of Sid J. Connell, hereto attached and made a part hereof, and in behalf of said State presents in the County Court of Gregg County, Texas, at the January Term, 1921, of said Court, that heretofore, to-wit: on or about the 17th day of November, 1920, and anterior to the presentment of this information in said county of Gregg, and State of Texas, one J. R. Smith, late of County and State, with force and arms did then and there unlawfully, he being then and there the owner of five head of cattle located in a special quarantine area in Gregg County, Texas, drive said cattle from the said special quarantine area, without first obtaining a permit and certificate from an unauthorized inspector of the Live Stock Sanitary Commission, covering said cattle so driven. Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.       Jno. T. Buckley, County Attorney, Gregg County, Texas." Motion to quash for various reasons, was overruled.

It appears from the terms of said complaint and information that the cattle of appellant were located in some part of Gregg County, around which there had been thrown some tick quarantine by special proclamation, so as that the premises therein included became what is designated in said complaint as "a special quarantine area;" and that it was intended to charge in said pleadings that appellant drove cattle from such area without a legal permit so to do. We are of opinion that in order to make a special quarantine order of the Live Stock Sanitary Commission of Texas, effective,—same must designate the territory or premises included in said order, with sufficient particularity to enable the person or persons affected thereby, to know the territory so quarantined. We also believe that to make an information or complaint charging a violation of the tick law within such specially designated territory or premises, valid, and a sufficient basis for a prosecution,—it must contain such description of said territory or premises as will identify and designate same; and such pleading must also describe the proceedings by which such special quarantine was put into effect, as will enable the accused and the courts to know with reasonable certainty that the offense charged has apparent legal foundation. An information and complaint charging that cattle were driven from a special quarantine area, which in no way describes said area, or the manner or means by which such special quarantine was put into operation in such area, is not sufficient to charge an offense under our law. In passing we also call attention to the form of the verdict in this case, "We the jury find the defendant guilty and assess his punishment at a fine of $1 per head of cattle." While Sec. 16 of

said tick eradication law (Chap. 60, General Laws, 35th Legislature). does provide that upon conviction the accused shall be fined not less than one dollar nor more than five dollars for each animal *so moved*, still the verdict and judgment in any case must be specific and definite. If it be desired to state in the verdict that the fine fixed as punishment, is so many dollars per animal, such verdict must further find affirmatively that the accused is guilty of *moving* a specific number of such animals, in order to remove the verdict from the objection that same is not definite, and not of such fixed amount as that a judgment may be based thereon.

For the error first above discussed this cause must be reversed and ordered dismissed.

*Dismissed.*