## Ex Parte Edwin Burkhart.

### No. 7842. Decided May 16, 1923.

#### Rehearing Denied June 13, 1923.

**Delinquent Child—Notice to Parents—Void Judgment.**

Where the judgment of the lower court went no further than to declare relator to be a delinquent child whose acts and conduct demand the interposition of the State, and further declaring the relator to be a ward of the court, subject to the orders thereof, until he might have reached the age of twenty-one years, his incarceration in the State institution for the training of juveniles should ordinarily be affirmed, and the writ of *habeas corpus* denied. However, it appearing on rehearing that said judgment was entered without notice to the parents of the relator, the same is void, and the writ must be made returnable to the County Court of Tarrant County for further proceedings.

From Tarrant County.

Original application for writ of habeas corpus alleging that relator is illegally restrained of his liberty under a void judgment, finding him to be a delinquent child.

The opinion states the case.

*Mays & Mays,* and *Frank A. Ogilive,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—This is an original application for writ of habeas corpus alleging that relator is illegally restrained of his liberty under what is alleged to be a void judgment of the County Court of Tarrant County, Texas, finding him to be a delinquent child.

The record discloses that on November 17, 1922, he was tried be-

fore a jury in the County Court of Tarrant County, sitting as a juvenile Court upon complaint and information charging him with delinquency. Upon the verdict of the jury finding him guilty and assessing his punishment at five years in the State Training School at Gatesville, Texas, the following judgment was entered.

"It therefore appears to the court that the said child Edwin Burkhart is under seventeen years of age and that he did commit the act or acts charged in the information, therefore by virtue of the statute in such cases made and provided, the said Edwin Burkhart is by the Court adjudged to be a delinquent child, whose acts and conduct demand the interposition of the State of Texas in his behalf. And further, that said child is a ward of this Court and shall be subject to this and all further orders of this Court until finally discharged or until he reaches the age of twenty-one years."

An attack is made upon the judgment upon the ground that it is violative of Article 1197, C. C. P. as amended by Thirty-fifth Legislature, Fourth Called Session, Chapter 26, Section 1, and not in accord with the opinions in Ex parte Roach, 86 Tex. Cr. Rep., 370, 221 S. W. Rep., 975; Ex parte Guinn, 88 Tex. Cr. Rep., 509, 228 S. W. Rep., 233; in that it fails to set out the time or place of imprisonment. It will be observed that the foregoing judgment goes no further than to declare relator to be a delinquent child whose acts and conduct demand the interposition of the State, and further declaring the relator to be a ward of the court, subject to the orders thereof until he might have reached the age of twenty-one years. It further appears that an order of commitment was issued being of the same date as the foregoing judgment. An attack is made upon the regularity of this commitment but we do not regard it as material, it appearing from the record that this commitment was never executed and that relator is not held by virtue thereof. On the 29th day of December, 1922, relator was paroled to his brother Arthur Burkhart under certain conditions specified in the judgment of parole not necessary to set out here, and reciting that the order of parole "shall be and remain in full force and effect until modified or set aside by this Court, and this Court shall have and retain jurisdiction over said child, or until judgment is or may be set aside or annulled."

On the 17th day of March, 1923 the court made the following order: "—it appearing to the Court that it is to the best interest of the child Edwin Burkhart that he should be committed to the care and custody of the State Institution for Training of Juveniles, a suitable institution in Coryell County, Texas and that the orders heretofore entered placing said child on probation or in the care and custody of Arthur Burkhardt should be suspended, it is therefore, ordered, adjudged and decreed by the Court that the order or orders now be suspended, and that the said child Edwin Burkhart be committed to the care and custody of the State Institution for the Training of Juveniles, for a period of five years from November 17th, 1922."

It further appears from the record that relator is now being held by the probation officer of Tarrant County, Texas under the foregoing order. It is urged by relator's counsel in his brief that the judgment authorized the incarceration of the relator in the State Institution for the Training of Juveniles after he may have reached the age of twenty-one years. We are unable to give assent to the correctness of this proposition. The original judgment entered on the 17th day of November, 1922, simply recites that relator is under seventeen years of age. It nowhere appears in the record before us what the exact age of relator may be. It therefore cannot be said that if he should be detained in the juvenile training school for five years, dating from November 17, 1922 that it would be a time extending beyond relator's twenty-first years. If an effort should be made under orders of the court hereinabove set out to detain him after he reaches the age of twenty-one years, then upon a proper showing a different question would be presented for determination, but the record now before us does not make it appear that the orders of the court entered on November 17th, 1922, and on the 17th day of March, 1923, are void. Having reached this conclusion we are of opinion relator is not entitled to the writ.

We have discussed the application as if it was entitled to consideration upon its merits, but it is clearly an effort to substitute habeas corpus proceedings for an appeal. No reason is apparent why an appeal could not have been taken from the original order entered November 17, 1922 or from the order made on March 17, 1923. Relator seems to have been under the impression that paroling him to his brother suspended the execution of the judgment declaring him a delinquent and therefore denying his right of appeal. (See Acts 35th Legislature, supra, expressly giving the right of appeal). Even if relator had been laboring under such belief, no excuse is presented why an appeal was not taken from the final order of the court entered the 17th day of March, 1923.

The writ is denied.

*Writ denied.*

## ON REHEARING.

### June 13, 1923.

MORROW, PRESIDING JUDGE.—No occasion is found for a modification of the views expressed in the original opinion touching the matters then before the court.

In the motion for rehearing, however, there is contained an averment not embraced in the original application, namely, that the judgment was entered without notice to the parents of the relator. This is supported by appellant's father. Such notice is necessary. The court is without jurisdiction to enter a judgment of this kind against an infant in the absence of this notice. Ex parte Cain, 86 Texas Crim.

Rep., 509, 217 S. W. Rep. 386; Ex parte Gordon, 89 Texas Crim. Rep., 125, 232 S. W. Rep. 522. The judgment in this case contains no recital of notice as was done in Ex parte Guinn, 88 Texas Crim. Rep., 509, 228 S. W. Rep. 233. However, there is no authentic evidence before this court that the notice was not given. The application and the motion for rehearing can be treated as nothing more than a pleading. If it be true, however, that the judgment condemning the relator was rendered without notice to the father of relator, as is required by Article 122 of the C. C. P., then the judgment is void. See Ex parte Cain, 86 Texas Crim. Rep., 509, 217 S. W. Rep. 387; Ex parte Gordon, 89 Texas Crim. Rep., 125, 232 S. W. Rep. 520; Ex parte Guinn, 88 Texas Crim. Rep., 509, 228 S. W. Rep. 233.

It is therefore ordered that the motion for rehearing be granted, and the judgment denying the writ of habeas corpus be set aside and in lieu thereof it is ordered that the writ of habeas corpus be granted and that it be made returnable before the Judge of the County Court of Tarrant County.

The Clerk of this Court is directed to issue notice of this order to Carl Smith, Sheriff of Tarrant County, and to E. C. Baker, Juvenile Court officer of Tarrant County, directing them to appear and bring the body of the relator, Edwin Burkhart, before the said County Judge at the courthouse of Tarrant County, on the 20th day of June, 1923, or at such other time as the said judge may direct, and that they there show cause, if any, why the relator should not be discharged.

*Rehearing granted.*