## Ex Parte Johnie Meggs.

### No. 9309.  Delivered March 4, 1925.

**1.—Habeas Corpus—Juvenile Courts—Jurisdiction.**

Where a court with prima facie jurisdiction of the person and the offense, has entered judgment, and notice of appeal given, the appeal cannot be substituted nor superseded by a writ of Habeas Corpus. County and District Courts, when sitting in juvenile cases are designated "Juvenile Courts." See Art. 1198, C. C. P.

**2.—Same—Juvenile Courts—Appeal From.**

A judgment in a juvenile case rendered by a county or district court, sitting as a juvenile court is a court of competent jurisdiction of the person of the juvenile, and from its judgment an appeal lies, according to the express language of the statute. See Art. 1197, C. C. P. If the procedure by which the jurisdiction is acquired is faulty, the error is one which could be corrected upon appeal, and not by an original Habeas Corpus proceeding in this court, and the application for such writ is denied.

An original application for a writ of Habeas Corpus by Johnie Meggs of Tarrant County.

Application for the writ of Habeas Corpus is dismissed.

The opinion states the case.

*Harry Meyers,* of Ft. Worth, for relator.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an original application for a writ of habeas corpus.

It appears that on the 20th day of February, 1925, the Hon. H. S. Lattimore, Judge of the 96th District Court, sitting as a Juvenile Court in Tarrant County, entered a judgment declaring the relator an incorrigible and committing him to the State Juvenile Training School at Gatesville for a period of not less than two nor more than five years, from which judgment we quote:

"* * * to which sentence defendant excepts and gives notice of appeal to the Court of Criminal Appeals."

This application is based upon the proposition that the complaint upon which the appellant was charged was not filed in the District Court but in the County Court. There are other averments of alleged irregularities.

It has been held by this court that an appeal from a judgment entered by a court having prima facie jurisdiction of the person and the offense cannot be substituted by a writ of habeas corpus. See

Ex parte McKay, 82 Texas Crim. Rep. 221; Ex parte Burkhart, 94 Texas Crim. Rep. 583. County and district courts, when sitting in juvenile cases, are designated "juvenile courts". See Art. 1198, C. C. P.

In the present case, the judgment rendered is by a court of competent jurisdiction, and according to its recitals, it acquired jurisdiction of the person of the relator. From its judgment an appeal lies according to the express language of the statute. See Art. 1197, C. C. P. If the procedure by which the jurisdiction was acquired is faulty, the error is one which could be corrected upon appeal. We must therefore decline to review it upon an application for a writ of habeas corpus. Accordingly the application for such writ is denied.

*Writ denied.*