## EX PARTE JESS EVANS.

No. 11631.  Delivered February 8, 1928.

Rehearing denied March 23, 1928.

**1.—Habeas Corpus—Cannot Supersede Appeals—Rule Stated.**

Appellant was convicted in the justice court of precinct No. 1 of Franklin County for a violation of the tick eradication law. Without appealing his case he presented a writ of habeas corpus seeking his discharge in the County Court, was remanded, and appeals to this court.

**2.—Same—Continued.**

This court will decline to take jurisdiction of matters which, following orderly procedure, properly belong to other courts, unless it is shown that due efforts have been made following the course prescribed by law. We have always declined to permit the writ of habeas corpus to usurp the functions of an appeal, and perceive nothing in this case to differentiate it from those in which this rule has been announced. See Ex Parte Oates, 91 Tex. Crim. Rep. 79, and other cases cited in original opinion.

**3.—Same—Constitutionality of Statute—Held Valid.**

Appellant's contention that the law under which this prosecution was had is vague and unintelligible, and therefore unenforceable. Said prosecution is under Sec. 10, Chap. 122, General Laws of Thirty-ninth Legislature, and we cannot agree with his contentions.

### ON REHEARING.

**4.—Same—No Error Disclosed.**

The case of Ex Parte Ballard is relied on by appellant. In later cases it was recognized that the holding in the Ballard case was out of line with the well established announcements of this court, and we declined to follow it. See Ex Parte Garcia, 90 Tex. Crim. Rep. 287, and other cases cited on rehearing.

Appeal from the County Court of Franklin County. Tried below before the Hon. B. O. Shurtleff, Judge.

Appeal from an order of the County Court of Franklin County remanding relator to the custody of the sheriff. Affirmed.

The opinion states the case.

*R. G. Wilkinson, Jr.,* of Mt. Vernon, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—It appears that appellant was convicted in the justice court of precinct No. 1, Franklin County, for a violation of the tick eradication law, in that he drifted

or drove three head of cattle from Red River County, same being tick-infested territory, into Franklin County, which was territory then engaged in the process of tick eradication. A jury trial was had. No appeal or effort to appeal the case to the County Court of Franklin County appears in the record.

Asserting that the complaint charged no offense, and that the verdict was so informal and incomplete as to not form the basis of a proper judgment, appellant sued out his writ of habeas corpus in the County Court of Franklin County where, upon a hearing, he was remanded, and now brings this appeal. We perceive no reason why appellant did not appeal his case to the County Court of said county, which had appellate jurisdiction thereof, and in which court the presumption is that the law be and would have been followed. The trial there would have been *de novo*, and the necessary presumption is that if the complaint was insufficient a motion to quash same would have been sustained; also that if the complaint had not been quashed and a trial had been had, the judgment and verdict would have been in conformity with law. This court uniformly declines to take jurisdiction of matters which, following orderly procedure, properly belong to other courts until and unless it is shown that due efforts have been made following the course prescribed by law. We have always declined to permit the writ of habeas corpus to usurp the function of an appeal. We perceive nothing in this case to differentiate it from those in which this rule has been announced. Ex Parte Oates, 91 Tex. Crim. Rep. 79; Ex Parte Mitchum, 91 Tex. Crim. Rep. 62; Ex Parte McKay, 82 Tex. Crim. Rep. 221; Ex Parte Garcia, 90 Tex. Crim. Rep. 288; Ex Parte Drane, 80 Tex. Crim. Rep. 543; Ex Parte Meggs, 99 Tex. Crim. Rep. 391; Ex Parte Stanford, 100 Tex. Crim. Rep. 559; Ex Parte Lovel, 101 Tex. Crim. Rep. 576.

There appears in the record a contention on the part of appellant that the law under which this prosecution was had is vague and unintelligible and therefore unenforceable. Said prosecution is under Sec. 10, Chap. 122, General Laws, Thirty-ninth Legislature. We do not think the contention of appellant sound in this regard.

Believing the matters here attempted to be raised all to be properly for the County Court of Franklin County on appeal, and that this court must decline to consider the matters here presented by habeas corpus, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant apparently relies largely on Ex Parte Ballard, 87 Tex. Crim. Rep. 460, 223 S. W. 222. In later cases it was recognized that the holding in Ballard's case was out of line with the well-established announcements of this court and we declined to follow it in Ex Parte Garcia, 90 Tex. Crim. Rep. 287, 234 S. W. 892, and Ex Parte Mathews, 96 Tex. Crim. Rep. 497, 258 S. W. 477. In addition to authorities cited in our original opinion see Ex Parte Beverly, 34 Tex. Crim. Rep. 644, Ex Parte Cox, 53 Tex. Crim. Rep. 240, and other cases collated in Ex Parte Jarvis (No. 11277, opinion delivered February 15, 1928).

The motion for rehearing is overruled.

*Overruled.*