Ex Parte Clarence Wiggs.

No. 14395.  Delivered April 22, 1931.

*E. B. O'Quinn,* of Marfa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—After a hearing on a writ of habeas corpus, relator was remanded to the custody of the sheriff; hence this appeal.

Relator was convicted in the county court of Brewster county on April 9, 1930, on a complaint and information charging him with the offense of swindling. On the 16th day of the same month motion for new trial was overruled and notice of appeal given. In an opinion by this court delivered February 18, 1931, judgment of conviction was affirmed. In affirming the judgment, this court expressly held that the information upon which the conviction was based was sufficient. See Clarence Wiggs v. The State of Texas, 117 Texas Crim Rep., 539, delivered February 18, 1931. Motion for rehearing being filed, this court in an opinion delivered March 25, 1931, overruled the motion. See opinion on motion for rehearing, Clarence Wiggs v. The State, 117 Texas Crim. Rep., delivered March 25, 1931. On the 27th day of March, 1931, the court duly issued its mandate to the county court of Brewster county, and thereafter on the 2nd day of April, 1931, the clerk of the county court of Brewster county issued a capias pro fine for the arrest of relator. On the 4th day of April, 1931, relator made application to the judge of the county court of Brewster county for a writ of habeas corpus. The writ having been awarded, the sheriff answered that relator was held under a capias pro fine issued by the clerk of the county court after the mandate from this court had been received.

The specific contention of relator is that the complaint and information failed to charge an offense, and that, therefore, the county court was without jurisdiction to render judgment against him. As hereinbefore stated, the complaint and information were held sufficient by this court on the appeal from the judgment of conviction. Relator now seeks to use the writ of habeas corpus to appeal from the judgment this

court has already affirmed. A writ of habeas corpus cannot serve the purpose of an appeal. Branch's Annotated Texas Penal Code, sec. 239; Ex parte Wells, 111 Texas Crim. Rep., 443, 14 S. W. (2d) 1027; Ex parte Evans, 109 Texas Crim. Rep., 231, 4 S. W. (2d) 67; Ex parte Burford, 70 Texas Crim. Rep., 281, 156 S. W., 686.

The judgment is affrmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.