**Brian CARLSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–03–00001–CR.**

Court of Appeals of Texas,
Eastland.

Oct. 14, 2004.

G. Lee Haney, Brownwood, for appellant.

Micheal Murray, Dist. Atty., Brownwood, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

JIM R. WRIGHT, Justice.

After the juvenile court waived jurisdiction and transferred this case to district court, Brian Carlson pleaded guilty to the offense of aggravated assault with a deadly weapon. The district court convicted appellant and assessed his punishment at confinement for three years. We reverse and remand.

In both issues on appeal, appellant challenges the juvenile court's jurisdiction to transfer appellant to district court to be tried as an adult.[1] In the first issue, appellant contends that his parent did not receive adequate service of the summons to appear at the transfer hearing. In the

---

1. We note that a direct appeal from the transfer or certification order is no longer available under TEX. FAM. CODE ANN. § 56.01 (Vernon 2002). See Small v. State, 23 S.W.3d 549 (Tex.App.-Houston [1st Dist.] 2000, pet'n ref'd). Thus, issues relating to the transfer proceeding are properly raised in an appeal from a conviction after transfer.

second issue, appellant argues that the proof at the transfer hearing was not sufficient with respect to appellant's age.

Juvenile proceedings were initiated against the 15–year–old appellant for beating the victim with a metal rod in May 2002. On July 9, 2002, the State filed a petition for discretionary transfer of appellant's case to district court pursuant to TEX. FAM. CODE ANN. § 54.02 (Vernon 2002). The hearing was set for July 16 at 10:00 a.m. Appellant was duly summoned and served with a copy of the petition on July 9. On July 10, the summons to be served upon appellant's father was mailed to the Craven County Sheriff's Office in North Carolina. However, the Craven County Sheriff's Office did not receive the summons until July 16, too late to timely serve it upon appellant's father. The transfer hearing commenced on July 16, but was recessed pending service upon appellant's father. The hearing resumed on July 18, 2002, at 11:15 a.m. In the meantime, appellant's father had been served in North Carolina on July 17 at 4:09 p.m. The summons that was served upon appellant's father on the 17th was the original summons indicating that the hearing was to be held on the 16th.

Neither appellant's father nor mother attended the hearing. Service of a summons upon appellant's mother was not attempted. The record indicates that she was suffering from severe mental problems and was in the Big Spring State Hospital at the time of the hearing. Appellant's attorney was appointed to serve as appellant's guardian ad litem for the purpose of the transfer hearing. At the conclusion of the transfer hearing, the county court, sitting as a juvenile court, waived jurisdiction and transferred appellant to the appropriate criminal court to be tried as an adult.

Section 54.02(b) provides that the "petition and notice requirements" of TEX. FAM. CODE ANN. §§ 53.04, 53.05, 53.06, & 53.07 (Vernon 2002) "must be satisfied." Section 53.06(a)(2) provides that the juvenile court "shall direct issuance of a summons" to the child's parent, guardian, or custodian. Service upon either parent is sufficient to satisfy this mandate. *In the Matter of Edwards,* 644 S.W.2d 815, 818 (Tex.App.-Corpus Christi 1982, writ ref'd n.r.e.). Although service upon a parent is a "waivable right" [2] pursuant to the waiver provisions in Section 53.06(e), no such waiver occurred in this case. Neither of appellant's parents attended the hearing or waived service of the summons in writing. Since the right to service of the summons was not waived, service upon a parent was mandatory.

The service that was eventually had upon appellant's father was not effective. With respect to service upon a nonresident, Section 53.07(a) provides as follows:

> If a person to be served with a summons . . . is outside this state but he can be found or his address is known, or his whereabouts or address can with reasonable diligence be ascertained, service of the summons may be made either by delivering a copy to him personally or mailing a copy to him by registered or certified mail, return receipt requested, at least five days before the day of the hearing.

Appellant's father was not served five days prior to the transfer hearing. In fact, he was served one day after the date upon which the summons indicated the hearing was to be held.

Previous cases addressing the lack of service of a summons upon the child or a

2. *See Mendez v. State,* 138 S.W.3d 334, 340– 342 (Tex.Cr.App.2004).

parent have held that the issue is jurisdictional. *Grayless v. State,* 567 S.W.2d 216 (Tex.Cr.App.1978); *Ex parte Burkhart,* 94 Tex.Crim. 583, 253 S.W. 259 (1923). Consequently, we must conclude that, because appellant's parent was not duly served with the summons in this case, the juvenile court was without jurisdiction to transfer appellant to district court. Furthermore, because the juvenile court lacked jurisdiction to enter a valid transfer and certification of appellant, the district court lacked jurisdiction to try appellant for the offense. TEX. PENAL CODE ANN. § 8.07 (Vernon Supp.2004–2005); *Grayless v. State, supra* at 220.

■ The State argues that, because appellant's father was not a resident of Texas, his attendance at the transfer hearing was excused. We do not dispute such an assertion. TEX. FAM. CODE ANN. § 51.115 (Vernon 2002) provides an exception to the mandatory attendance at a transfer hearing of a parent if that parent is not a resident of this state. However, Section 51.115 deals with attendance, not service. Section 51.115 does not excuse the State's failure to serve a summons in compliance with the mandate of Section 54.02(b) and the sections referred to therein.

■ Having found error, we must determine whether the error is reversible. Even jurisdictional errors may be subject to a harmless error analysis. *Mendez v. State,* 138 S.W.3d 334, 339–40 (Tex.Cr.App.2004)(Except for certain federal constitutional errors labeled as "structural," no error—including an error relating to jurisdiction, voluntariness of the plea, or any other mandatory requirement—is categorically immune to a harmless error analysis). The court in *Mendez* recognized that some errors defy analysis and that "some kinds of errors (particularly jurisdictional ones) will never be harm-

less." *Id.* at 340. We cannot find that the error in this case did not affect appellant's substantial rights. Therefore, the error was not harmless under TEX.R.APP.P. 44.2(b). Appellant's first issue is sustained. Accordingly, we need not address the second issue. TEX.R.APP.P. 47.1.

Both the order of the Brown County Court (sitting as a juvenile court) waiving jurisdiction and transferring appellant to district court and the judgment of the district court convicting appellant of the offense of aggravated assault are void. Consequently, the judgment of conviction is reversed, and the cause is remanded to the Brown County Court for further proceedings.