**Jonathan SILVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–06–00031–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 10, 2007.

Don A. Hecker, Stafford, for appellant.

John J. Harrity III, Asst. Dist. Atty., Richmond, for state.

Panel consists of Justices TAFT, ALCALA, and HANKS.

## OPINION

PER CURIAM.

After a hearing on the State's motion to transfer jurisdiction, the juvenile court[1]

---

1. Susan Lowery, Judge County Court at Law No. 3, Fort Bend County, sitting as a juvenile court.

waived juvenile jurisdiction and certified appellant, Jonathan Silva, to stand trial in the adult criminal court. Subsequent to the transfer hearing, appellant gave notice of appeal in the juvenile court.

The State has filed a motion to dismiss the appeal of the juvenile court's order transferring jurisdiction to the adult criminal court for lack of jurisdiction because appellant's notice of appeal was given prior to disposition of his case in the adult criminal court. The circumstances under which an appeal in a juvenile case may be taken are controlled by provisions of the Texas Family Code. *See* Tex. Fam. Code Ann. § 56.01(c) (Vernon 2002).

Appellant Silva was transferred to the district court to stand trial as an adult under Section 54.02 of the Texas Family Code, which provides that a juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court. TEX. FAM.CODE ANN. § 54.02 (Vernon 2002). However, the Family Code does not permit a juvenile defendant to appeal from certification proceedings prior to being finally convicted as an adult. TEX. FAM.CODE ANN. § 56.01(c) (Vernon 2002); *Small v. State*, 23 S.W.3d 549, 550 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (holding that section 56.01(c) does not authorize appeals from juvenile court's transferring a child to district court for criminal proceedings under section 54.02 of the family code); *Miller v. State*, 981 S.W.2d 447, 449 (Tex.App.-Texarkana 1998, pet. ref'd) (holding the 1995 amendment to section 56.01(c) removed all rights to appeal from a section 54.02 ruling) (citing Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, sec. 56.01, 1995 Tex. Gen. Laws 2546). Any challenge to a transfer order must be raised in an appeal from the conviction in criminal court. *Carlson v.*

*State*, 151 S.W.3d 643, 644 n. 1 (Tex.App.-Eastland 2004, no pet.).

Under the preceding authorities, we do not have jurisdiction to consider an appeal from a section 54.02 transfer order. We grant the State's motion and dismiss the appeal for lack of jurisdiction.