

# Fourth Court of Appeals
## San Antonio, Texas

February 26, 2015

No. 04-15-00079-CV

**IN THE MATTER OF R.H.,** Jr.,

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 1995JUV0336
The Honorable Carmen Kelsey, Judge Presiding

# O R D E R

On March 28, 1995, the trial court issued a Waiver of Jurisdiction and Order of Transfer To Criminal Court. Appellant was later convicted and sentenced. On November 3, 1995, the State filed a Motion for Judgment Nunc Pro Tunc to correct two clerical errors that appeared in the Waiver of Jurisdiction and Order of Transfer. On November 6, 1995, appellant filed a motion for new trial on the Waiver of Jurisdiction and Order of Transfer, challenging the Juvenile Court's jurisdiction to enter the Transfer Order at the time it did so. On November 9, 1995, the trial court held a hearing, after which it entered a Judgment Nunc Pro Tunc and deferred the Motion for New Trial to the trial court. Appellant filed this notice of appeal from the Waiver of Jurisdiction and Order of Transfer, only, on February 13, 2015.

R.H. appeals from the juvenile court's Waiver of Jurisdiction and Order of Transfer; however, such an order is not appealable. *Silva v. State*, 263 S.W.3d 269, 270 (Tex. App.—Houston [1st Dist.] 2007). A challenge to a transfer order must be raised in an appeal from the conviction in criminal court. *Carlson v. State,* 151 S.W.3d 643, 644 n. 1 (Tex. App.-Eastland 2004, no pet.). Therefore, it appears this court does not have jurisdiction to hear R.H.'s appeal.

It is therefore ORDERED appellant show cause in writing no later than fifteen days from the date of this order why this appeal should not be dismissed for want of jurisdiction.

Further, even if R.H. seeks to raise this issue in an appeal from his conviction in criminal court, it appears such an appeal would be untimely to invoke this court's jurisdiction. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.*

Therefore, should R.H. desire to raise the issue of the juvenile court's waiver of jurisdiction in an appeal from his final conviction in criminal court, it is ORDERED R.H. show cause in writing no later than fifteen days from the date of this order why this appeal should not be dismissed for lack of jurisdiction based upon an untimely-filed notice of appeal.

_____

Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of February, 2015.

_____

Keith E. Hottle
Clerk of Court