

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00079-CV

**IN THE MATTER OF R.H., JR.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 1995JUV0336
The Honorable Carmen Kelsey, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Karen Angelini, Justice
             Jason Pulliam, Justice

Delivered and Filed:  March 25, 2015

DISMISSED FOR WANT OF JURISDICTION

On March 1, 1995, R.H., who was a minor at the time, was charged with delinquent conduct. On March 28, 1995, the juvenile court issued a waiver of jurisdiction and order of transfer to criminal district court. R.H. was later convicted and sentenced. On November 3, 1995, the State filed a motion for judgment nunc pro tunc to correct two clerical errors that appeared in the waiver of jurisdiction and order of transfer. On November 6, 1995, R.H. filed a motion for new trial on the waiver of jurisdiction and order of transfer, challenging the juvenile court's jurisdiction to enter the transfer order. On November 9, 1995, the juvenile court held a hearing, after which it entered a judgment nunc pro tunc and deferred the motion for new trial to the trial court.

The record does not contain any disposition of R.H.'s motion for new trial, nor does it contain any indication whether R.H. appealed his conviction. R.H. filed this notice of appeal from

the waiver of jurisdiction and order of transfer, only, on February 13, 2015. On February 26, 2015, this court ordered R.H. to show cause why this appeal should not be dismissed for lack of jurisdiction. R.H. responded, stating he properly "perfected his appeal" by filing the notice of appeal of the transfer order and by making sufficient showing of his desire to appeal. R.H. contends the Texas Court of Criminal Appeals' subsequent opinion in *Moon v. State*, 410 S.W.3d 366 (Tex. Crim. App. 2013), shows the juvenile court abused its discretion by issuing the transfer order.

A juvenile court may waive its exclusive original jurisdiction and transfer a child to an appropriate criminal district court. TEX. FAM. CODE ANN. § 54.02(a) (West 2014); *Silva v. State*, 263 S.W.3d 269, 270 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Under current law, a transfer order is not immediately appealable, but may be challenged within an appeal from any final conviction. *See* TEX. FAM. CODE ANN. § 56.01(c) (West 2014) (codified at TEX. CODE CRIM. PROC. ANN. art. 44.47(b) (West 2014)); *Silva*, 263 S.W.3d at 270. Prior to January 1, 1996, however, section 56.01(c)(1)(A) of the Texas Family Code permitted a juvenile to appeal from the juvenile court's transfer order to criminal district court. *See* Act of May 23, 1991, 72nd Leg., R.S., ch. 680, § 1, 1991 Tex. Gen. Laws 2466, 2466, amended by Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, 1995 Tex. Gen. Laws 2517, 2584, 2591; *see Ex parte Venegas*, 116 S.W.3d 160, 163 (Tex. App.—San Antonio 2003, no pet.).

Here, R.H. was charged with delinquent conduct on February 14, 1995, and the juvenile court issued its original transfer order on March 28, 1995, and its nunc pro tunc transfer order on November 9, 1995. Because the conduct for which R.H. was charged occurred, and the final transfer order was signed, before the effective date of the 1995 amendment to the Family Code, the former rules apply. Under the former rules, a juvenile could immediately appeal a transfer order.

From the record and from R.H.'s response, it is clear R.H. seeks to appeal the juvenile court's waiver of jurisdiction and order of transfer. Under the applicable law at the time the order was signed, such an appeal is proper; however, R.H. filed this notice of appeal challenging the juvenile court's transfer order on February 13, 2015.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because R.H's notice of appeal was filed more than 90 days after the transfer order was entered, and he did not file any motion for extension of time, it was not timely filed. *See* Tex. R. App. P. 26. For this reason, on February 26, 2015, this court ordered R.H. to show cause why his appeal should not be dismissed for want of jurisdiction as untimely filed. In his response, R.H. did not provide any reason this court has jurisdiction to consider this appeal filed 10 years after the juvenile court signed the final transfer order from which R.H. appeals.

Under the preceding authorities, we do not have jurisdiction to consider this untimely appeal from the juvenile court's transfer order. Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM