

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00353-CV

**IN THE MATTER OF W.E.L.**

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 1992JUV01331
Honorable Andy Mireles, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Jason Pulliam, Justice

Delivered and Filed:  July 1, 2015

DISMISSED FOR WANT OF JURISDICTION

On November 17, 1992, W.E.L., who was a minor at the time, was charged with delinquent conduct. After a hearing and presentation of evidence and argument, on February 4, 1993, the juvenile court issued a waiver of jurisdiction and order of transfer to criminal district court. W.E.L. was later convicted and sentenced. On May 28, 2015, W.E.L. filed this notice of appeal from the waiver of jurisdiction and order of transfer, only, citing "jurisdictional defects".

A juvenile court may waive its exclusive original jurisdiction and transfer a child to an appropriate criminal district court. TEX. FAM. CODE ANN. § 54.02(a) (West 2014); *Silva v. State*, 263 S.W.3d 269, 270 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Under current law, a transfer order is not immediately appealable, but may be challenged within an appeal from any final conviction. *See* TEX. FAM. CODE ANN. § 56.01(c) (West 2014) (codified at TEX. CODE CRIM.

PROC. ANN. art. 44.47(b) (West 2014)); *Silva*, 263 S.W.3d at 270. Prior to January 1, 1996, however, section 56.01(c)(1)(A) of the Texas Family Code permitted a juvenile to appeal from the juvenile court's transfer order to criminal district court. *See* Act of May 23, 1991, 72nd Leg., R.S., ch. 680, § 1, 1991 Tex. Gen. Laws 2466, 2466, amended by Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, 1995 Tex. Gen. Laws 2517, 2584, 2591; *see Ex parte Venegas*, 116 S.W.3d 160, 163 (Tex. App.—San Antonio 2003, no pet.).[1]

Here, the conduct for which W.E.L. was charged occurred, and the final transfer order was signed, before the effective date of the 1995 amendment to the Family Code. Therefore, the former rules apply, which allow a juvenile to immediately appeal a transfer order. From the record, it is clear W.E.L. seeks to appeal the juvenile court's waiver of jurisdiction and order of transfer; however, W.E.L. filed this notice of appeal challenging the juvenile court's transfer order on May 28, 2015.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because W.E.L.'s notice of appeal was filed more than 90 days after the transfer order was entered, and he did not file any motion for extension of time, it was not timely filed. *See* TEX. R. APP. P. 26.

Under the preceding authorities, we do not have jurisdiction to consider this untimely appeal from the juvenile court's transfer order. Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

---

[1] It is noted the legislature recently amended Texas Family Code Section 56.01(c) to allow again an interlocutory appeal from the juvenile court's transfer order to criminal district court. This amendment is effective September 1, 2015. *See* Act of May 12, 2015, 84th Leg., R.S., S.B. 888, § 3 (to be codified as an amendment to TEX. FAMILY CODE ANN. § 56.01(c), (h)).